UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZINDA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMADOR COUNTY SHERIFF DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-01990-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 9<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT; OR<br><br>    (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

    Plaintiff Paul Zinda is a pretrial detainee proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his complaint, he alleges that Amador Jail is overcrowded. This allegation is not sufficient to state a claim. I will give plaintiff an opportunity to file an amended complaint, and I will grant his application to proceed *in forma pauperis*, ECF No. 9.

**Screening and Pleading Requirements**

    A federal court must screen a prisoner's complaint that seeks relief against a governmental

1 entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable
2 claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
3 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
4 immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

5      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
6 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
7 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
8 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
9 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
10 possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not
11 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
12 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
13 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
14 n.2 (9th Cir. 2006) (en banc) (citations omitted).

15      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
16 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
17 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
18 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
19 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
20 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
21 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

23      Plaintiff alleges that Amador Jail is overcrowded, causing multiple inmates to be housed
24 in the same cell and to sleep on the floor or in boats.  ECF No. 1 at 3-4.  He also alleges that jail
25 staff threats inmates who ask for grievance forms. *Id.* at 3.  Plaintiff's constitutional claim is
26 addressed under the Fourteenth Amendment's objective deliberate indifference standard because
27 he is a pretrial detainee. *See Or. Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003);
28 *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).  A pretrial detainee must

show that a defendant's acts or omissions were objectively unreasonable and identify objective facts indicating either that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that objective. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015).

Plaintiff's allegations are too vague to state a claim. *See Cannedy v. Amador Cnty. Sheriff Dep't*, No. 2:22-cv-2001-TLN-AC (P), 2022 WL 17994155, at *3 (E.D. Cal. Dec. 29, 2022) (dismissing a complaint alleging overcrowding at the Amador Jail against the Amador County Sheriff's Department and Jeremy Martin because the plaintiff did not allege that he was at substantial risk); *Medina v. Amador Jail*, No. 2:22-cv-02136-JDP (PC), 2023 WL 113826, at *2 (E.D. Cal. Jan. 5, 2023) (same). Although making inmates to sleep on the floor can constitute a constitutional violation, *see Thomas v. Baca*, 514 F. Supp. 2d 1201, 1215 (C.D. Cal. 2007) (holding that the defendant sheriff's custom of floor-sleeping was objectively a serious deprivation of the minimal civilized measure of life's necessities to warrant protection by the Eighth and Fourteenth Amendments), plaintiff does not allege that *he* was required to sleep on the floor.[1] Moreover, plaintiff makes no specific factual allegations against defendant Martin, and does not allege that Martin either was responsible for or had knowledge of inmates sleeping on the floor.

Similarly, plaintiff does not state a claim against Amador County Sheriff's Department. He has not alleged that his civil rights were violated pursuant to a policy or custom, which is required to state a § 1983 claim against a municipal defendant. *See Villegas v. Golroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) ("Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the 'moving force' behind the constitutional violation."); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents . . . .").

---

[1] If plaintiff is attempting to allege claims on behalf of other inmates, he is prohibited from doing such. *See Sanchez v. Lerdo Kern Cnty. Det. Facility*, No. 1:14-CV-01424-MJS, 2015 WL 1345808, at *3 (E.D. Cal. Mar. 23, 2015) ("Because a pro se litigant may not represent other individuals, Plaintiff's claims are barred as to the other inmates.").

I will grant him a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 9, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   March 27, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4