UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZINDA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMADOR COUNTY SHERIFF DEPARTMENT, *et al.*,<br><br>    Defendants. | Case No.  2:22-cv-01990-KJM-JDP (PC)<br><br>ORDER |

    Plaintiff brings this section 1983 case against various defendants employed at the Amador County Jail. ECF No. 11. Plaintiff's amended complaint states a viable Fourteenth Amendment claim against defendant Martin. His other claims, however, are not cognizable. He may either proceed only with his claim against defendant Martin or delay serving any defendant and file another amended complaint.

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a pro se litigant's complaint. *See* 28 U.S.C. § 1915(e)(2). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff raises three claims, only the first of which is cognizable. In his first claim, he alleges that defendant Jeremy Martin, a captain at the jail, is forcing inmates to sleep on the floor. ECF No. 11 at 3. This allegation, liberally construed and taken as true, is sufficient to state a Fourteenth Amendment claim. *See Thompson v. Los Angeles*, 885 F.2d 1439, 1448 (9th Cir. 1989) (overruled on other grounds in *Bull v. City and County of San Francisco*, 595 F.3d 964, 980-81 (9th Cir. 2010) (en banc)).

Second, plaintiff alleges that other sheriff's deputies at the jail have declined to hand out grievance forms. ECF No. 11 at 3-4. There is no constitutional right to a grievance procedure, however, and this claim fails on that basis. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Third, plaintiff alleges that defendant Stone, a lieutenant at the jail, has broadly announced that he will "do what he wants" and that it does not matter "what the judges say." ECF No. 11 at 5. Plaintiff also alleges that Stone has claimed to have an awareness of every civil rights violation at the facility. *Id.* These allegations might be troubling, but they are too vague to be actionable. Mere verbal posturing does not amount to a constitutional violation, and a general awareness of unspecified civil rights violations is insufficient to hold Stone liable for any particular claim.

Plaintiff may either proceed with his claim against Martin, or he may file another amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint, should plaintiff choose to file one, should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint states a cognizable Fourteenth Amendment claim against defendant Jeremy Martin. He may either pursue this claim and abandon his other ones, or he may file another amended complaint within thirty days of this order's entry.

2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ZINDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMADOR COUNTY SHERIFF DEPARTMENT, *et al.*,<br><br>　　　　　Defendants. | No.  2:22-cv-01990-KJM-JDP (PC)<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

　　　　_____       Plaintiff opts to proceed with his Fourteenth Amendment claim against Defendant Jeremy Martin AND

　　　　_____       Plaintiff consents to dismissal of all other claims without prejudice.

　　　　**OR**

　　　　\_\_\_\_\_       Plaintiff opts to file an amended complaint and delay service of process.


　　　　DATED:

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Plaintiff

5